IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERN BERNICE DOWNES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:23-cv-1314-RJD[1] |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1). (Doc. 28). The Commissioner of Social Security responded that it "neither supports nor opposes" counsel's request for attorney's fees. (Doc. 30).

On December 5, 2023, the undersigned reversed and remanded this action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 23). On remand, the Commissioner granted Plaintiff's application for benefits and found Plaintiff was entitled to a period of disability commencing September 2019. (Docs. 28-1; 28-3). Plaintiff was awarded $59,332.70 in past-due benefits, $7,633.18 of which was withheld by the Commissioner for attorney's fees. (Doc. 28-3, p. 8). The fee agreement between Plaintiff and his attorney provides for a fee of 25 percent of Plaintiff's past-due benefits. (Doc. 28-2).

Under 42 U.S.C. § 406(b)(1)(A), the Court may allow a "reasonable fee" for an attorney's representation, not to exceed 25 percent of the total of Plaintiff's past-due benefits. However, if the Court approves the fee, "no other fee may be payable or certified for payment for such

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). (Doc. 10).

representation except as provided in this paragraph." *Id.* In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $6,995.24. (Doc. 27).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreements in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the contract between Plaintiff and counsel, the time and effort expended by counsel, the excellent result received by Plaintiff, and the amount of the past-due benefits, the Court concludes that $7,633.18, which Plaintiff's counsel requests in the motion, is a reasonable fee.[2] The Court further notes that the Commissioner neither supports nor opposes the attorney fee request. (Doc. 30). *See Gisbrecht*, 535 U.S. at 798, n.6. (Commissioner has no direct stake in the § 406(b)(1) fee request but "plays a part in the fee determination resembling that of a trustee for the claimants").

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1). (Doc. 28). The Court **AWARDS** Plaintiff's counsel Howard D. Olinsky, Esq. a total fee of $7,633.18 to be paid out of Plaintiff's past-due benefits. Upon receipt

---

[2] In his request for relief, counsel requests $7,683.18. (*See* Doc. 28-1, p. 3). This appears to be a typographical error. Twenty-five percent of Plaintiff's past-due benefits ($14,833.18) minus the administrative fee award already received ($7,200) is $7,633.18. The correct figure is noted in paragraph 7 of the motion. (*Id.* at 2).

of payment, Plaintiff's counsel shall refund $6,995.24 in EAJA fees received in this matter to Plaintiff.

**IT IS SO ORDERED.**

**DATED:  December 9, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**